IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED CALL NUMBER 336-543-6709 IN THE CUSTODY OR CONTROL OF AT&T. | ) ) ) ) ) ) ) ) |   **FILED UNDER SEAL**  Case No.   6:21mj29 |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Daniel Bailey, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 336-543-6709 (the "**Target Phone**") with listed subscriber DaShonna FARMER ("FARMER") whose service provider is AT&T ("AT&T"), a wireless telephone service provider headquartered at 11760 US Highway 1, Suite 300, North Palm Beach, Florida 33408.  The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.      Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act.  *See* 18 U.S.C. §§ 3121-

3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

      3.       I am a Task Force Officer with the Drug Enforcement Administration (DEA) and have been since 2017. I am also a Task Force Office with the United States Marshal Service (USMS) and have been since approximately 2016. I am also a Detective with the Lynchburg Police Department (Virginia) and be been so employed since 2002. I am currently assigned to investigate drug trafficking organizations as a member of the DEA, Washington Field Division/Roanoke Resident Office.  My duties as a Task Force Officer involve the investigation of various criminal activities of narcotics traffickers and their associates.  I also locate the whereabouts of individuals who are wanted on federal and state arrest warrants and indictment for violations of state and federal laws. In investigating these matters, I have acted as a case agent, an undercover agent, and a contact agent for confidential sources.  These investigations have resulted in the issuance of federal search warrants, seizure warrants, indictments, and convictions of persons for federal narcotics violations.  During my employment as a law enforcement officer, I have received multiple hours of training in narcotics enforcement and investigative techniques, and I have personally participated in numerous investigations.  I have also spoken on numerous occasions with informants, suspects, and other experienced narcotics traffickers concerning the methods and practices of drug traffickers, including the methods and practices used by traffickers of methamphetamine, heroin, and cocaine. I have been involved in the execution of numerous search warrants on electronic devices, including cellphones, and in obtaining location information for those devices.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that Dashonna FARMER ("FARMER") has been indicted by a grand jury and that there is an active warrant for her arrest. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement to locate FARMER, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4), to execute that arrest.

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## STATEMENT OF PROBABLE CAUSE

7. The United States, including Drug Enforcement Administration ("DEA") and the Lynchburg Police Department ("LPD"), is conducting a criminal investigation of DaShonna FARMER ("FARMER") and others regarding violations of the violations of 18 U.S.C. § 1503 (Obstruction of Justice) and 18 U.S.C. § 1512(c) (Tampering with Proceedings). On or about August 25, 2021, FARMER was indicted in the Western District of Virginia case number 6:21-CR-1 for violations of 18 U.S.C. § 1503 (Obstruction of Justice) and 18 U.S.C. § 1512(c) (Tampering with Proceedings).

3

8. Law enforcement had previously obtained a criminal complaint charging FARMER on August 19, 2021. Law enforcement attempted to locate FARMER but was unsuccessful.

**FARMER's Use of the Target Phone**

9. On August 20, 2021, law enforcement attempted to locate FARMER at her last known address located at 2407 Phillips Ave, Apt G, Greensboro, North Carolina. During that attempt it was determined that the apartment was vacant. Law enforcement then canvassed the apartment complex and spoke with a neighbor, who wished to remained anonymous. The neighbor stated FARMER had moved out of the dwelling approximately two weeks prior to the attempted date of service.

10. On that same date law enforcement spoke with a representative (management level) of the same apartment complex. The also employee advised that FARMER had just moved out of the apartment in question. The employee searched through FARMER tenant information and provided contact number for FARMER of 336-543-6709 ("**TARGET PHONE**") and an email address of baby1mymy@yahoo.com.

11. On that date this affiant determined that the carrier for the **TARGET PHONE** was AT&T. Later that same date, law enforcement served an Administrative Subpoena on AT&T for subscriber and call data records for the account associated with the **TARGET PHONE**.

12. This affiant later received the requested data from AT&T and determined that DaShonna FARMER was the subscriber of the **TARGET PHONE**. It was also determined based on the provided data that the email address baby1mymy@yahoo.com was also associated to the **TARGET PHONE** account.

4

13.     Based on the provided data, it was determined that the account for the **TARGET PHONE** was established in January 2020 and was still active as of August 20, 2021.

14.     Based on the totality of the investigation there is probable cause to believe FARMER is currently using the **TARGET PHONE**. In my training and experience, individuals commonly carry cellular phones on their person. Therefore, the **TARGET PHONE** will likely reveal important location information concerning FARMER's whereabouts. FARMER is a "person to be arrested."

15.     In my training and experience, I have learned that AT&T is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

16. Based on my training and experience, I know that AT&T can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the **Target Cell Phone** on AT&T's network or with such other reference points as may be reasonably available.

17. Based on my training and experience, I know that AT&T can collect cell-site data about the **Target Cell Phone**. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as AT&T typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

18. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

19. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 90 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **Target Cell Phone** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify

confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

20. I further request that the Court direct AT&T to disclose to the government any information described in Attachment B that is within the possession, custody, or control of AT&T. I also request that the Court direct AT&T to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

21. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **TARGET PHONE** outside of daytime hours.

## OATH

The information in this affidavit is true to the best of my knowledge and belief.

Respectfully submitted,

*s/Daniel Bailey*
Daniel Bailey, Task Force Officer
Drug Enforcement Administration

Received by reliable electronic means and sworn and attested to by telephone on this 31st day of August 2021.

*Robert S. Ballou*
ROBERT S. BALLOU
UNITED STATES MAGISTRATE JUDGE

8